IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 05-cv-01053-WDM

VICTORIA FLAHERTY,

    Plaintiff,

v.

JO ANNE B. BARNHART, Commissioner of Social Security,

    Defendant.

## MEMORANDUM OPINION AND ORDER

Miller, J.

    Plaintiff Victoria Flaherty (Flaherty) appeals a final administrative decision by defendant Jo Anne B. Barnhart (the Commissioner) denying her application for disability insurance benefits based on a finding that she was not disabled because she retained the residual physical functional capacity to perform her past relevant work. I have considered the parties' written arguments and find that oral argument is not required. For the reasons that follow, I affirm the administrative decision.

### Background

    Flaherty was born on March 31, 1956. Administrative Record, at 97. She has an associate's degree and has worked in the past as a receptionist and a medical assistant. *Id.* at 50. Flaherty applied for disability insurance benefits in August 2002, alleging that she became unable to work on March 5, 2002 due to a November 2001 injury to her back when she was caught in an elevator. *Id.* at 49, 51.

Flaherty was previously found disabled in a January 30, 1998 administrative decision based on an October 1996 application. *Id.* at 341-343. In 2000, her disability ended, and Flaherty returned to school to obtain her associate's degree and then worked approximately ten months as a medical assistant. Her current application alleged only that she was disabled as of March 5, 2002, and did not relate back to her previous disability.

The resolution of this appeal turns on the time period relevant to Flaherty's application. As the ALJ noted, Flaherty was insured for disability benefits only through December 31, 2002. *Id.* at 50. Accordingly, Flaherty must establish disability between March 5, 2002, the last date she was employed, and December 31, 2002. I discuss some of the pertinent medical evidence here.

During the pertinent time period, Flaherty was treated by Dr. Bergland, who saw her in connection with her worker's compensation treatment resulting from the elevator accident. Dr. Bergland saw her last on March 15, 2002, when he recommended that she return to modified work. *Id.* at 155. Dr. Bergland referred Flaherty to Dr. Ridings for her work injury. *Id.* at 152-154. Dr. Ridings also found Flaherty could work without restrictions. *Id.* at 154.

In December 2002, before her insured status expired, Flaherty saw Dr. Van de Graaff for a consultative examination. Of relevance to the ALJ's determination, Dr. Van de Graaff opined that, based on Flaherty's complain to him, she was limited "in her ability to hold down gainful employment secondary to her recurrent and severe migraines." *Id.* at 273.

2

Flaherty's application was denied initially, and she requested and was granted a hearing before an Administrative Law Judge (ALJ).

At the hearing, Flaherty was represented by her current counsel.  *Id.* at 352.  In response to questions from the ALJ and her attorney, she testified regarding her background, daily activities, medical history and restrictions, and use of pain medication.  *Id.* at 355-366.  A neighbor also appeared and testified on Flaherty's behalf.  *Id.* at 366-368.

The ALJ examined a vocational expert (VE) at the hearing and permitted Flaherty's attorney to question the VE.  *Id.* at 368-372.

The ALJ issued a decision on August 19, 2004.  *Id.* at 49-57.  The ALJ made the following findings:

1. Flaherty had not engaged in substantial gainful activity since the alleged onset of disability.  *Id.* at 56.

2. Flaherty has impairments that are considered severe, including diabetes with neuropathy, obesity, and fibromyalgia.  *Id.* at 51, 56.

3. Flaherty's impairments did not meet or equal a listed impairment.  *Id.* at 56.

4. Flaherty retained the residual functional capacity to lift and carry no more than twenty pounds at a time and no more than ten pounds frequently; she could sit most of the time and occasionally bend, squat, or kneel; and had to avoid all climbing.  *Id.* at 57.

5. Flaherty was able to perform her past relevant work as a receptionist.  *Id.*

Based upon these findings, the ALJ concluded that Flaherty was not under a disability as defined by the Social Security Act.  *Id.*

The Appeals Council denied a request for review, rendering the ALJ's

determination final for purposes of this appeal.  *Id*. at 4.

## Standard of Review

I review the Commissioner's decision to determine whether her factual findings are supported by substantial evidence in the record as a whole and whether she applied the correct legal standards.  *Castellano v. Sec'y of Health and Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994).  "Substantial evidence is '"such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."'"  *Id*. (citations omitted).  The failure to apply correct legal standards or to provide an adequate basis from which I may determine that the appropriate legal principles were followed is grounds for reversal.  *Nielson v. Sullivan*, 992 F.2d 1118, 1119-1120 (10th Cir. 1993) (citation omitted).

## Discussion

Flaherty raises three issues on appeal: (1) the ALJ failed to properly assess her residual functional capacity; (2) the ALJ failed to develop the record; and (3) the ALJ erred in finding that she could perform her past relevant work as a receptionist.  I will address these arguments in turn.

1. Residual Functional Capacity Assessment

Flaherty first argues that the ALJ failed to properly assess her residual functional capacity.  In connection with this assertion, she alleges the ALJ improperly ignored medical records concerning restrictions on grasping and fine manipulation (limitations that were similar to conditions found disabling in the 1998 disability decision), that he improperly rejected Dr. Van de Graaff's limitations regarding her migraines, and that he

4

failed to consider the effects of her claimed impairments, including degenerative joint disease and fibromyalgia.

Although there is evidence of medical treatment after December 31, 2002, the ALJ properly focused only on the evidence pertinent to the period between the alleged onset of disability in March 2002 and December 31, 2002, the date her insured status expired. *Washington v. Shalala*, 37 F.3d 1437, 1440 n.2 (10th Cir. 1994). In addition, as the Commissioner argues in response, Flaherty did not claim that her disability from 1996 continued. Indeed, she reported that her benefits terminated because she felt better, and that she was able to return to school and then to work full-time. Given the limitations of the pertinent time period, I disagree that the ALJ ignored relevant medical evidence.

Flaherty's arguments regarding the ALJ's rejection of Dr. Van de Graaff's limitations based on her migraines are not well developed in her briefs. I note, however, that Dr. Van de Graaff was a consulting physician, that the ALJ explained the reasons for rejecting his opinion (including that the assessment was based on Flaherty's subjective report and was contradicted by Flaherty's own statements), and that the ALJ expressly accepted the opinions of the treating physicians, including Dr. Bergland, that Flaherty could return to work with modified limitations. Record, at 55.

Contrary to Flaherty's argument, the ALJ did address her degenerative joint disease and included fibromyalgia among the impairments he found to be severe. *Id.* at 51. Although Flaherty takes issue with the ALJ's resolution of her claims, including his treatment of the effects of her medications and her financial status, I may not

5

reweigh the evidence or substitute my opinion for that of the ALJ, so long as that opinion is supported by substantial evidence and correct legal standards were applied. *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006).

Based upon my review of the record, I conclude the ALJ's findings regarding Flaherty's residual functional capacity, as related to the pertinent time period, are supported by substantial record evidence.

2.     Development of the Record

Flaherty contends that the ALJ failed to develop the record by obtaining further information regarding her headaches, the effects of her medications for headaches, and her previous disability file.

The ALJ must "ensure that an adequate record is developed during the disability hearing consistent with the issues raised." *Madrid v. Barnhart*, 447 F.3d at 790 (citations omitted). This duty requires that the ALJ obtain "pertinent, available medical records which come to his attention during the course of the hearing." *Id.* (citations omitted). Where the claimant is represented by counsel, however, as Flaherty was, "'the ALJ should ordinarily be entitled to rely on the claimant's counsel to structure and present claimant's case in a way that the claimant's claims are adequately explored,' and the ALJ 'may ordinarily require counsel to identify the issue or issues requiring further development.'" *Branum v. Barnhart*, 385 F.3d 1268, 1271 (10th Cir. 2004).

As the Commissioner points out, Flaherty's attorney had no objection to the evidence in the record. Record, at 354. Given these circumstances, I find the ALJ met his duty with regard to the record.

3.     Ability to Perform Past Relevant Work

Finally, Flaherty asserts the ALJ erred when he determined she was able to perform her past relevant work as a receptionist. Specifically, she argues the ALJ failed to make findings regarding the demands of her past relevant work, failed to address her ability to work on a regular and continuing basis, and improperly prevented her attorney from cross-examining the VE.

Regarding the ALJ's duties with respect to Flaherty's past relevant work, *Hayden v. Barnhart*, 374 F.3d 986, 991 (10th Cir. 2004), describes a duty of inquiry when the claimant bears the burden at step four to establish her inability to perform past work. The ALJ must inquire "regarding the exertional demands of a claimant's prior work." *Id.* (discussing *Henrie v. United States Dep't of Health & Human Servs.*, 13 F.3d 359, 360-61 (10th Cir. 1993)). The record must contain sufficient evidence regarding the demands of Flaherty's past work to satisfy this duty.

Here, the ALJ questioned the VE regarding the "exertional and skill level involved in [Flaherty's] past work." Record, at 369. He included this information in his written decision. *Id.* at 56. Under the standards discussed in *Hayden*, this satisfies the ALJ's duty of inquiry. 374 F.3d 991 (reference to Dictionary of Occupational Titles sufficient); 20 C.F.R. § 404.1560(b)(2) (Commissioner may use services of VE to obtain evidence regarding past relevant work).

With regard to the ALJ's alleged failure to address Flaherty's ability to work on a regular and continuing basis, Flaherty is correct that the ALJ's decision does not expressly address this aspect of her residual functional capacity. The ALJ did,

however, refer to Social Security Ruling 96-8p, which states in the first paragraph under "Purpose" that "RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis" and defines "regular and continuing basis" to mean "8 hours a day, for 5 days a week, or an equivalent work schedule."  In addition, the ALJ relied on treating physician records releasing Flaherty to return to work without restrictions related to her ability to maintain regular work hours.

Flaherty's assertion that the ALJ prevented cross-examination of the VE by her attorney is not supported by the record.  Although the ALJ did not allow counsel to ask the VE to assume all symptoms that Flaherty described were limitations, he expressly stated the attorney could ask the VE about specific limitations.  Record at 370. Flaherty's attorney did question the VE about limitations, even obtaining the opinion that certain limitations would preclude substantial gainful activity.  *Id.* at 370-372.

I find the ALJ properly assessed Flaherty's ability to perform past relevant work and that substantial evidence supports his conclusion that she failed to meet her burden of proving disability at step four of the standard analysis.

4. <u>Step Three Assessment</u>

At the end of her argument on the ALJ's assessment of her ability to perform past relevant work, Flaherty includes a statement that the ALJ failed to discuss or explain his reasoning at step three (listed impairment).  She relies on *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996), which held that the ALJ must discuss evidence or his reasons for determining why a claimant was not disabled at step three.  The Tenth

Circuit limited its holding in *Clifton*, however, in *Fischer-Ross v. Barnhart*, 431 F.3d 729, 734 (10th Cir. 2005), stating: "Neither *Clifton's* letter nor spirit require a remand for a more thorough discussion of the listings when confirmed or unchallenged findings made elsewhere in the ALJ's decision confirm the step three determination under review."

Given my conclusion that the ALJ's determination that Flaherty could perform her past relevant work is supported by substantial evidence, I do not find a remand for further analysis of step three would serve any legitimate purpose.

Conclusion

For the reasons discussed above, I find that the Commissioner's determination that Flaherty is not disabled is supported by substantial evidence in the record as a whole and is based on application of correct legal standards. Accordingly, the administrative determination is affirmed.

DATED at Denver, Colorado, on September 29, 2006.

BY THE COURT:

s/ Walker D. Miller
United States District Judge